**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Michael Aguilar and Matilda Aguilar,<br><br>            Plaintiffs,<br>     v.<br><br>Home Depot U.S.A., Inc.; John Doe; and Does 1 to 100,<br><br>            Defendants. | CV 13-01188 RSWL (OPx)<br><br>**ORDER TO SHOW CAUSE RE: SUBJECT MATTER JURISDICTION** |

   The Court is in receipt of Defendant Home Depot U.S.A., Inc.'s ("Home Depot") Notice of Removal, which alleges diversity jurisdiction as the ground for removing this Action to federal court [1].

   The removal statute, 28 U.S.C. § 1441, allows a defendant to remove a case originally filed in state court when the case presents a federal question or is an action between citizens of different states and involves an amount in controversy that exceeds $75,000. See 28 U.S.C. §§ 1441(a), (b).  See also 28 U.S.C. §§

1

1331, 1332(a).

The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction," and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (citing Boggs v. Lewis, 863 F.2d 662, 663 (9th Cir. 1988), Takeda v. Northwestern Nat'l Life Ins. Co., 765 F.2d 815, 818 (9th Cir. 1985), and Libhart v. Santa Monica Dairy Co., 592 F.2d 1062, 1064 (9th Cir. 1979)). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." Id. (citing Nishimoto v. Federman-Bachrach & Assocs., 903 F.2d 709, 712 n. 3 (9th Cir. 1990), and Emich v. Touche Ross & Co., 846 F.2d 1190, 1195 (9th Cir. 1988)).

"[J]urisdiction founded on [diversity] requires that parties be in complete diversity and the amount in controversy exceed $75,000." Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003). See 28 U.S.C. § 1332(a)(1). Federal courts have jurisdiction only where there is *complete* diversity: the plaintiff's citizenship must be diverse from that of each named defendant. 28 U.S.C. §§ 1332(a)(1), 1332(c)(1). See Caterpillar, Inc. v. Lewis, 519 U.S. 61, 68 n. 3 (1996). See also Cook v. AVI Casino Enters., Inc., No. 07-15088, 2008 WL 4890167, *3 (9th Cir. Nov. 14, 2008) (Unpub.Disp.).

As the party invoking federal jurisdiction in this case, Defendant Home Depot has the burden of establishing the existence of subject matter jurisdiction. See Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994); In re Ford Motor Co., 264 F.3d 952, 957 (9th Cir. 2001); Thompson v. McCombe, 99 F.3d 352, 353 (9th Cir. 1996). The Notice of Removal alleges that removal is proper based on diversity jurisdiction. However, the Complaint and Notice of Removal are completely silent on the citizenship of the Parties. Accordingly, whether complete diversity exists between the Parties at the time of the commencement of this Action cannot be determined.

Therefore, it is ORDERED that Defendant Home Depot show cause why this case is removable to federal district court based on diversity of citizenship. Defendant Home Depot has no later than March 22, 2013, to respond, demonstrating why this case should not be remanded for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

DATED: March 7, 2013

RONALD S.W. LEW

**HONORABLE RONALD S.W. LEW**
Senior, U.S. District Court Judge